09-1855-ag
Shahabdeen v. Holder

BIA
Abrams, IJ
A099 927 169

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of January, two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges.*
_____

MOHAMED SHIFAN MOHAMED SHAHABDEEN,
        *Petitioner,*

        v.                                  09-1855-ag
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Benjamin B. Xue, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Kristin K. Edison, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Mohamed Shifan Mohamed Shahabdeen, a native and citizen of Sri Lanka, seeks review of an April 9, 2009 order of the BIA, affirming the November 7, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied his application for asylum, granted withholding of removal to Sri Lanka, and declined to reach his request for relief under the Convention Against Torture ("CAT"). *In re Mohamed Shifan Mohamed Shahabdeen*, No. A099 927 169 (B.I.A. Apr. 9, 2009), *aff'g* No. A099 927 169 (Immig. Ct. N.Y. City Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C.

§ 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

In denying Shahahbdeen's application for asylum, the agency concluded that he was firmly resettled in Dubai, United Arab Emirates ("U.A.E.") prior to his arrival in the United States. 8 C.F.R. § 1208.15. We have held that in determining the issue of firm resettlement, the agency should apply a totality of the circumstances test. *See Sall v. Gonzales,* 437 F.3d 229, 232-33 (2d Cir. 2006). Under this test, the agency may look beyond the presence of a formal offer of permanent residence from a third country and examine the "totality of the alien's circumstances" to determine whether the applicant has found an "alternative place[] of refuge abroad." *Id; see also Jin Yi Liao v. Holder,* 558 F.3d 152, 157-58 (2d Cir. 2009). Factors the agency may consider include: "whether [the applicant] intended to settle in [the country] when he arrived there, whether he has family ties there, whether he has business or property connections that connote permanence, and whether he enjoyed the legal rights–such as the right to work and enter and leave the country at will–that permanently settled persons can expect to have." *Sall*, 437 F.3d at 235.

Here, the agency found that Shahabdeen had resettled in

3

the U.A.E. because he lived there for three and a half years, had work authorization, employment, and lodging at a hotel, was able to renew his residence permit, and had family ties to the country. However, we find that the agency erred by failing to consider material evidence weighing against this conclusion. *See Jorge-Tzoc v. Gonzales*, 435 F.3d 146, 150 (2d Cir. 2006). Specifically, the agency neglected to consider that Shahabdeen's residence permit was valid for only a temporary period, that he had difficulty renewing it, and that his continued ability to remain in the U.A.E. was entirely dependent on his continued employment. Although Shahabdeen's brother lived in the U.A.E., he was also a temporary worker. Finally, the agency failed to discuss Shahabdeen's testimony that the U.A.E. does not offer citizenship, permanent residence, or asylum to non-nationals, and thus, as a temporary resident of that country, he was not guaranteed safety from persecution.[*]

While Shahabdeen further argues that he qualifies for an exception to the statutory bar to asylum for firm

---

[*]We also note the argument Shahabdeen raised in his brief before the BIA that foreign workers in Dubai have few of the same rights as U.A.E. citizens, including redress for employment grievances and rights to own real property.

4

resettlement, he failed to raise this issue in his appeal to the BIA. Because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20, 124 (2d Cir. 2007).

Ultimately, the agency erred by failing to consider material evidence relevant to whether Shahabdeen was firmly resettled in the U.A.E. *See Jorge-Tzoc*, 435 F.3d at 150. Because the IJ found that Shahabdeen established that he would face persecution if returned to Sri Lanka, remand is warranted for reconsideration of the record evidence and of Shahabdeen's eligibility for asylum.

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk